[S. F. No. 11830.   In Bank.—March 15, 1927.]

## LUCY H. ALLYNE et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] DISMISSAL—DELAY IN BRINGING ACTION TO TRIAL—SECTION 583, CODE OF CIVIL PROCEDURE—CONSTRUCTION.—The mandatory provisions of section 583 of the Code of Civil Procedure do not require the dismissal of an action which has not been brought to trial within five years after the granting of a motion for a new trial.

[2] ID.— APPLICATION OF SECTION 583, CODE OF CIVIL PROCEDURE.— The plain and obvious purpose of section 583 of the Code of Civil Procedure is to regulate the matter of compulsory dismissals only under one set of circumstances, to wit, where an answer has been filed and the action has not been brought to trial within five years thereafter, other sections in the same chapter of the code providing for dismissals under other circumstances; and if none of said sections pertaining to dismissals cover a particular case where more than five years have elapsed since the entry of an order granting a new trial, it is the duty of the trial judge to determine the question as to the reasonableness of the delay, and his determination cannot be disturbed by an appellate court.

[3] ID.—MANDAMUS—PETITION.—The petition for a writ of mandate must state specific facts sufficient to justify the granting of relief sought, and make a clear *prima facie* case to warrant the alternative writ; and in a proceeding in *mandamus* to compel the superior court to dismiss a certain action upon the ground that it has not been brought to trial within five years after the granting of a motion for a new trial, the petition is insufficient to warrant the relief asked where it is framed on the theory that there is a mandatory duty upon the trial court to dismiss the action under section 583 of the Code of Civil Procedure, since no such duty exists and it does not allege facts sufficient to show that the trial court abused the discretion which it had in the matter.

(1) 18 C. J., p. 1193, n. 29 New.   (2) 18 C. J., p. 1192, n. 18, 20, p. 1200, n. 67; 36 Cyc., p. 1113, n. 82, 83, 91, p. 1114, n. 96.   (3) 38 C. J., p. 861, n. 31, p. 863, n. 60, p. 875, n. 77, p. 878, n. 84, p. 909, n. 65.

APPLICATION for a Writ of Mandate to compel the Superior Court of the City and County of San Francisco to dismiss an action pending before it. Frank J. Murasky, Judge. Writ denied.

The facts are stated in the opinion of the court.

Leicester & Leicester for Petitioners.

Garret W. McEnerney for Respondents.

2.   See 9 Cal. Jur. 527.
3.   See 16 Cal. Jur. 859.

SEAWELL, J.—Petition for writ of mandate to be directed to the respondent Superior Court in and for the City and County of San Francisco and to the Honorable Frank J. Murasky, Judge in Department No. 2 of said respondent court, commanding a dismissal of a certain action heretofore commenced in said court. [1] The principal question involved is whether the mandatory provisions of section 583 of the Code of Civil Procedure require the dismissal of an action which has not been brought to trial within five years after the granting of a motion for a new trial. We are of the opinion that neither section 583 nor any other section of the code compels a trial judge to dismiss an action under such circumstances.

The facts of the case, as they appear in the petition for the writ, are: Petitioners and one Mary J. Kelly were named as defendants in an action commenced in the court below on December 31, 1910, to quiet title to certain real property described in the complaint against all persons claiming any interest therein. Defendants Lucy H. Allyne, Edith W. Allyne, and Agnes M. McGuire answered, admitting plaintiff's ownership and right to possession of all lands described in the complaint with the exception of a certain parcel known as Emmet place. As to said parcel, they alleged that they and each of them had a private right of way over it to and from adjoining lands owned by them, and that it was, and for more than forty years prior thereto had been, a public highway or street. Defendant Mary J. Kelly, since deceased, whose representative did not join in the petition herein, filed an answer of similar import. Defendant and petitioner City and County of San Francisco also filed an answer in which it alleged that the property in question constituted an open public street or highway. The case was tried on July 17, 1913, and a decree entered on November 29, 1913, adjudging plaintiff to be the owner and entitled to the possession of all lands described in the complaint with the exception of Emmet Place. As to said Emmet Place it was adjudged that plaintiff was the owner of the westerly thirty-nine feet; that the entire parcel was a public street or alley, and that the public and said defendants had the right to pass over and use the same as and for a public street or alley.

Thereafter plaintiff made a motion for a new trial, which was granted on October 18, 1916. No further action was taken until September 24, 1925, almost nine years later, when those of defendants who are petitioners herein gave notice that they would move the court to dismiss the action upon the ground that plaintiff had failed to bring the action to trial within five years after the entry of the order granting a new trial. Plaintiff thereupon filed a notice of motion to set the cause for trial and also an affidavit in opposition to defendants' motion to dismiss, setting forth therein purported grounds for failure to bring the action to a second trial. The motion of plaintiff was granted and that of defendants denied.

Section 583 of the Code of Civil Procedure provides: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court of its own motion, unless such action is brought to trial within five years after the defendant has filed his answer, except where the parties have stipulated in writing that the time may be extended."

[2] The plain and obvious purpose of the foregoing section is to regulate the matter of compulsory dismissals only under one set of circumstances, to wit, where an answer has been filed and the action has not been brought to trial within five years thereafter. Other sections in the same chapter of the code provide for dismissals under other circumstances, and if none of said sections pertaining to dismissals cover the situation in the instant case, where more than five years have elapsed since the entry of the order granting a new trial, it must be held that it is the duty of the trial judge to determine the question as to the reasonableness of the delay, and his determination cannot be disturbed by an appellate court unless it is made to appear that he has abused his discretion. Impliedly the court below held that it was satisfied that there was a reasonable excuse for the delay. In the case at bar the stage in the proceedings to which sec-

tion 583 applied has passed, inasmuch as the action was brought to trial within slightly less than three years after the filing of the answer. For this delay the defendants were not entitled to have the case dismissed as a mandatory right (*Romero* v. *Snyder*, 167 Cal. 216 [138 Pac. 1002]), but the court, in the exercise of the discretion given it by said section 583, might have dismissed the action upon motion of the defendants. But a motion for dismissal was not made and, inasmuch as the action was brought to trial within the five-year period of limitation, the requirements of the statute were satisfied. Section 583 does not purport to lay down a rule governing cases in which an action has not been brought to trial within a period of five years immediately following the entry of an order granting a new trial. We are asked by the petitioners to do more than indulge in a liberal construction of a statute. We are asked here to extend a statute's operation by implication to a subject which, in the absence of a statutory regulation, was concededly within the discretion of the trial court. Section 583 was intended, no doubt, to compel expedition in the trial and disposition of causes. While this is admittedly so, we find no warrant in its language that would justify us in reading into the section words which would clearly compel a dismissal if an action be not retried within five years after a new trial has been granted. The words in the section are to be interpreted according to their common acceptance. (*Perrin* v. *Miller*, 35 Cal. App. 129 [169 Pac. 426].)

The case of *Romero* v. *Snyder*, 167 Cal. 216 [138 Pac. 1002], in which an attempt was made to extend the section to cover cases without its purview, while not conclusive on the point raised here, is persuasive, inasmuch as it refused to depart from the express language of the statute. In that case a motion to dismiss made within less than two years after demurrer filed was granted. The proceeding thereafter came before this court on appeal from the judgment of dismissal. It was there contended that the provision of section 583 authorizing the court in its discretion to "dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after answer filed to bring such action to trial" impliedly prohibited the court from dismissing within less than two years after answer filed, and

that a *demurrer* was an *answer* within the meaning of the section. The court held that appellant was correct in the contention that an action could not be dismissed within less than two years after answer filed, but further held that a demurrer was not an answer, and where only a demurrer had been filed a dismissal might be made on the ground that a delay of less than two years was unreasonable. The statements made by the court in this case to the effect that said section 583 purports to cover the entire subject of dismissals after answer filed can fairly be interpreted to mean only after answer filed and before an action has been once brought to trial. If the five-year limitation were to be held to apply in the case at bar, it would necessarily follow that the two-year limitation would also apply, and that a trial judge would be powerless to determine that a delay of less than two years was unreasonable and warranted a dismissal. We cannot hold that the legislature has indicated an intention to accomplish such a result by the enactment of section 583.

[3] It was the evident theory of petitioners, as shown by the notice of motion to dismiss the action, that it was the mandatory duty of the court to dismiss said cause, it not having been brought to trial within five years after the granting of the motion for a new trial. The notice specifically mentions the failure of plaintiff to bring the cause to trial within that period. The question of the abuse of discretion seems not to have been seriously urged by petitioners on the motion for a dismissal. The petition as framed does not plead facts sufficient to show that the court committed an abuse of discretion. We are not able to say as a matter of law that the long delay in bringing the case to a retrial was not excusable under the state of facts shown to exist upon the hearing of the motion, which was presumptively deemed sufficient to justify the court in exercising its discretion in the manner complained of. The facts are not before us. All that is presented in this respect is an affidavit made by the plaintiff in which he avers that certain negotiations were pending between some of the parties litigant, which, it was believed, would put an end to the litigation if consummated. If the affidavit above referred to was the only ground relied upon by the court to support its action we would incline to the view that it did not furnish

a valid reason to warrant a denial of the motion.   But we cannot presume that there were not other valid reasons which justified the court in making its order.   There is nothing in the petition which would in any way tend to dispute the presumption that evidence was adduced fully supporting the court in the exercise of its discretion.   "The petition for a writ of mandate must state specific facts sufficient to justify the granting of relief sought, and make a clear *prima facie* case to warrant the alternative writ."   (16 Cal. Jur. 859.)

We therefore conclude that the portion of section 583 which makes it the mandatory duty of a court to dismiss an action which is not brought to trial within five years after answer filed has no application to the retrial of causes, and, as to the second ground, that an abuse of the discretionary power of the court to dismiss the action has not been sufficiently alleged in the petition.   While nine years is a long period for an action to lie in repose, we cannot say that there may not, conceivably, be rare cases in which it would not be an abuse of discretion to refuse to dismiss.   The demurrer to the petition is well taken.

The writ is denied.

Richards, J., Curtis, J., Langdon, J., Waste, C. J., and Preston, J., concurred.