[Civ. No. 10222. First Appellate District, Division One.—October 15, 1936.]

JULIA L. INDERBITZEN et al., Appellants, v. LANE HOSPITAL et al., Respondents.

Vincent W. Hallinan, Elton C. Lawless and F. Bruce McMullen for Appellants.

Redman, Alexander & Bacon and Herbert Chamberlin for Respondents.

TYLER, P. J.—Appeal from a dismissal of an action for failure to use due diligence in the prosecution thereof. The motion to dismiss was addressed to the inherent discretionary power of the court and was granted under that power. It is appellants' claim that the court had no jurisdiction to grant the motion. This contention is based upon the last sentence of section 583 of the Code of Civil Procedure, which provides: "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial, (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which *remittitur* is filed by the clerk of the trial court." Appellants argue that the mandatory portion of the section compelling a dismissal after the three-year period deprives the court of the power of dismissing the action for any delay amounting to a shorter period than that which under the statute gives a defendant an absolute right of a dismissal. The record discloses that this action was brought against defendant hospital for injuries alleged to have been sustained by plaintiff Julia Inderbitzen while she was being delivered of a stillborn child in defendant institution, which injuries are alleged to be due to malpractice by defendants and their servants. Special damages were claimed by her husband in procuring subsequent medical care.

The action was commenced July 19, 1926. More than four years thereafter the case was brought to trial. At the conclusion of plaintiffs' case the court granted a motion of defendants for a nonsuit. A new trial was denied and plaintiffs appealed. The judgment was reversed. (*Inderbitzen* v. *Lane Hospital*, 124 Cal. App. 462 [12 Pac. (2d) 744, 13 Pac. (2d) 905].) A petition by respondents for a rehearing was made and denied, and a petition for transfer

was denied by the Supreme Court August 22, 1932. The *remittitur* of this court reversing the judgment was filed in the superior court on August 24, 1932. In April, 1933, plaintiffs filed a motion to set the case for trial. The case went off the calendar for failure of plaintiffs to deposit jury fees. Some seven months thereafter, and on November 23, 1934, plaintiffs again gave notice to set their action for trial. Nothing came of the motion, and the action was not given a trial date. About six months later a memorandum of motion to set the cause for trial was again made, and at the same time a notice of motion to advance the cause on the calendar was given by plaintiffs. Counsel for respondents thereupon filed an objection to the motion to advance and also a notice of motion to dismiss upon the ground that plaintiffs had unduly delayed the prosecution of the action, and had failed to use due diligence in bringing the same to trial after the going down of the *remittitur* reversing the judgment of nonsuit. It thus appears that the action was not originally brought to trial for some four years after it was filed, and the final motion to set the case for retrial after reversal and the going down of the *remittitur* was not made for some two years and ten months.

Defendants' affidavit in support of their motion to dismiss sets forth in substance among other things that many of defendants' witnesses were internes and nurses of defendant hospital at the time of the operation and some have since removed to places far distant from San Francisco; in other instances their whereabouts are unknown; that nothing prevented plaintiffs from bringing the action to trial promptly following the filing of the *remittitur,* and their delay in this respect is inexcusable and unreasonable.

██ Under these facts plaintiffs' contention that a court, in view of section 583 of the Code of Civil Procedure making it mandatory for it to dismiss an action if not brought to trial within three years from the going down of the *remittitur,* is circumscribed or impaired in its inherent jurisdiction to dismiss in a shorter period, is wholly without merit. While this precise provision of the code it seems has not received judicial construction in this state, the principle has long been established that the mandatory provisions in statutes of like character do not have the effect claimed. Thus in *Lieb* v. *Lager*, 9 Cal. App. (2d) 324 [49 Pac. (2d) 886], the question addressed to the court was the

extent of discretion vested in a court to dismiss an action for failure to serve and return a summons in less than three years, where section 581a of the Code of Civil Procedure made dismissal mandatory for such cause at the expiration of three years. It was there held that mandatory provisions of such character did not impair or circumscribe the inherent jurisdiction of a court to dismiss in a shorter time. If courts under section 581a are vested with discretion to dismiss for failure to serve and return summons before the expiration of three years, when dismissal is mandatory, then it follows that courts are vested with discretion to dismiss for failure to bring an action to trial, after the filing of a *remittitur,* before the expiration of the three years when dismissal is mandatory. The section involved is one of a series having the same general object; that is, to compel reasonable diligence in the prosecution of an action. The question involves the proper exercise of discretion and not, as claimed, the proper exercise of jurisdiction. Provisions of the character here involved do not control the inherent power of the court to dismiss for failure of a plaintiff to prosecute his action with reasonable diligence. (*Romero* v. *Snyder,* 167 Cal. 216 [138 Pac. 1002].) It will be noticed that there is no express provision in the section restricting or limiting the power of the court to dismiss for want of prosecution after the filing of the *remittitur* where the delay has been for a shorter period than is named in the statute where dismissal is mandatory. ■ Nor did the court, as claimed, abuse its discretion in dismissing the action before three years had elapsed from the filing of the *remittitur.* The duty rests upon the plaintiff at every stage of the proceeding to use diligence and to expedite his case to a final determination, and unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal. (*Steinbauer* v. *Bondesen,* 125 Cal. App. 419 [14 Pac. (2d) 106]; *Vogel* v. *Marsh,* 122 Cal. App. 748 [10 Pac. (2d) 791].) From the facts shown it cannot be said that the court abused its discretion.

It is only fair to present counsel for plaintiffs to state that they have only recently become connected with the case and are in no manner responsible for the delay in the

prosecution of the action. The record shows that there have been several substitutions of attorneys in the course of the litigation.

The judgment of dismissal is affirmed.

Knight, J., and Cashin, J., concurred.