[Civ. No. 12452.   First Dist., Div. One.   Dec. 30, 1943.]

ALBERT COHN, Appellant, v. SAM ROSENBERG et al., Respondents.

McGuire & Lahanier for Appellant.

Morris Oppenheim for Respondents.

KNIGHT, J.—Plaintiff appeals from a judgment dismissing the above entitled action for failure to use reasonable diligence in the prosecution thereof.

The action was pending in the Superior Court in and for

the City and County of San Francisco, and was for the recovery of moneys alleged to be due as rental for the use and occupation of real property and for the sale and delivery of machinery. The complaint was filed on February 29, 1932, and the answer on July 11, 1932. On March 9, 1933, plaintiff moved to set the cause for trial, and on July 31, 1933, after several continuances ordered by the court, it came on for trial in Department 14. The respective parties introduced their evidence and rested their cases, following which rebuttal and surrebuttal evidence was offered and received. Thereupon the court ordered the cause continued until August 2, 1933, and on that date additional oral and documentary evidence was introduced and counsel were directed to file briefs. On November 2, 1933, the cause was ordered submitted for decision; but nearly a year later and on September 4, 1934, a minute order was entered setting aside the submission ''for further proceedings,'' and three and a half years thereafter, to wit, on May 16, 1938, the judge presiding in Department 14, before whom the cause had been tried, terminated his services as a judge of said court pursuant to the judges' retirement act. The following January plaintiff's attorney became a member of the municipal bench, and approximately three years thereafter, to wit, in December, 1941, other counsel was substituted, and on December 22, 1941, he filed a motion to reset the cause for trial; whereupon and on January 9, 1942, one of the defendants served and filed notice of motion supported by affidavit to dismiss the action for want of diligence in the prosecution thereof. During the seven years that elapsed between the date of the order setting aside the submission and the filing of the request to reset the cause for trial, no proceedings of any kind were had in the case; and one of the averments of the affidavit filed in support of the motion to dismiss was that the seven years delay had operated to the prejudice of the moving defendant and that he would suffer additional prejudice if his motion for dismissal was not granted. Counter affidavits were filed by plaintiff, but the above averments of prejudice were not denied, and the trial court's judgment of dismissal is based on findings that plaintiff was guilty of laches in failing to take any proceedings in the case within the seven year period following the entry of the order setting aside the submission, and that his failure so to do had operated to the prejudice

of the moving defendant and that he would suffer additional prejudice if the motion to dismiss was denied.

The theory upon which plaintiff seeks to reverse the judgment is based largely on section 583 of the Code of Civil Procedure, the pertinent provisions of which declare: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial. Any action heretofore or hereafter commenced shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended." In this connection plaintiff contends that the above section "was designed to regulate the dismissal of actions only in cases where the action . . . has not been brought to trial within five years after filing of the action"; and that since the action herein was partially tried within a year and a half after the filing of the complaint the requirements of the section were satisfied, and that under such circumstances the dismissal constituted an abuse of the discretionary power vested in the trial court. This contention is not sustainable.

As said in *Romero* v. *Snyder,* 167 Cal. 216 [138 P. 1002], the purpose of the section was "to fix: 1. A minimum period within which mere delay is not deemed to be sufficient cause; 2. An immediately ensuing interval of three years, during which the court, in its discretion, may adjudge it sufficient; and, 3. A maximum period of five years, upon the expiration of which, the delay is declared to be sufficient as a matter of law and the dismissal is made mandatory." (See, also, *Hibernia Sav. & Loan Soc.* v. *Lauffer,* 41 Cal.App.2d 725 [107 P.2d 494].) Thus it will be seen that, as so construed, the section permits a dismissal in the discretion of the court at any time subsequent to the expiration of the two year minimum period provided for therein, and it is well established that where a court in the exercise of such discretionary power has dismissed an action for lack of diligence in the prosecution thereof its decision will not be disturbed on appeal unless it is made to appear that there has been a gross abuse in the exercise of such power. (*Inderbitzen* v. *Lane Hospital,* 17 Cal.App.2d 103 [61 P.2d 514]; *Hibernia Sav. & Loan Soc.* v. *Lauffer, supra,* and cases cited therein; *Steinbauer* v. *Bondesen,* 125 Cal.App. 419 [14 P.2d 106]; *Vogel* v. *Marsh,* 122 Cal.App.

748 [10 P.2d 791].) In the present case it does not so appear. The undisputed facts are that plaintiff did nothing for a period of more than seven years after the submission was set aside to bring the case to a final termination. It is quite obvious, therefore, that there could be no justification for holding on appeal that the trial court abused its discretionary power in dismissing the action.

Moreover, it is well settled that the power of the court to dismiss an action for failure to prosecute it with diligence is an inherent power which exists without the aid of statutory authority and that the provisions of section 583 and other related sections must be read in the light of the existence of such inherent power. (*Hibernia Sav. & Loan Soc.* v. *Lauffer, supra; Inderbitzen* v. *Lane Hospital, supra; Romero* v. *Snyder, supra; Johnston* v. *Baker,* 167 Cal. 260 [139 P. 86].) The only limitation placed upon such inherent discretionary power is that it may not be exercised until a period of two years has elapsed after the action has been commenced (*Inderbitzen* v. *Lane Hospital, supra*), and that the power shall not be abused (*Jackson* v. *De Benedetti,* 39 Cal.App.2d 574 [103 P.2d 990]). It is apparent, therefore, that apart from the statutory authority granted by section 583 it was within the inherent discretionary power of the court to dismiss the action (*Inderbitzen* v. *Lane Hospital, supra; Hibernia Sav. & Loan Soc.* v. *Lauffer, supra*). In applying the foregoing doctrine it has been held that it is not an abuse of the discretionary power of the court to dismiss an action where it has not been brought on for retrial for more than two years after the disagreement of the jury at the first trial. (*Oberkotter* v. *Spreckels,* 64 Cal.App. 470 [221 P. 698].) Furthermore in the Inderbitzen case, *supra,* it is held that the mandatory portion of section 583 compelling a dismissal for failure to bring a case on for retrial within three years after the filing of the remittitur on reversal of the judgment does not deprive a trial court of the discretionary power to dismiss the action for delay amounting to a shorter period than that which under the statute gives a defendant an absolute right to a dismissal.

Plaintiff cites cases holding that when a cause has been partially tried within the maximum five year period fixed by section 583 a defendant is not entitled as a "mandatory right" to a dismissal, and that in those circumstances a trial court

cannot be compelled by mandamus to grant the motion to dismiss, nor restrained by prohibition from taking further proceedings in case it has seen fit to deny the motion. (*Allyne* v. *Superior Court*, 200 Cal. 661 [254 P. 564]; *Mercantile Invest. Co.* v. *Superior Court*, 218 Cal. 770 [25 P.2d 12]; *Mussat* v. *Superior Court*, 16 Cal.App.2d 291 [60 P.2d 323]; *Krasnow* v. *Superior Court*, 15 Cal.App.2d 141 [59 P.2d 442].) But the reviewing courts in those cases go on to point out that in those circumstances the trial court may nevertheless, in the exercise of its statutory and inherent discretionary power, dismiss the action for lack of diligence in the prosecution thereof; and such was the case here.

The substance of plaintiff's second main contention is that since the trial court, of its own motion, set aside the submission "for further proceedings" plaintiff cannot be held guilty of laches for having waited for notice from the clerk as to when and for what purpose further hearing would be had. This contention is likewise without merit. As has been frequently said, the duty rests upon a plaintiff at every stage of the proceedings to use due diligence to expedite his case to a final determination that there may be an end to litigation (9 Cal.Jur. p. 526; *Lieb* v. *Lager*, 9 Cal.App.2d 324 [49 P.2d 886]; *Inderbitzen* v. *Lane Hospital, supra.*) In declaring such to be the law the court in *Gray* v. *Times Mirror Co.*, 11 Cal.App. 155 [104 P. 481], went on to say: "It is the policy of the law to favor and encourage a prompt disposition of litigation, and this policy is the out-growth of sound and substantial reasons. The doctrine of *laches* as a bar to the assertion of stale claims and of statutes of limitations rests upon the same reasons or principle. A party against whom an action is instituted is entitled to as speedy a disposition thereof as is consistent with his own and the rights of the plaintiff, and if he who starts the law in motion does not with reasonable promptness pursue all the steps necessary to bring the litigation to an end, he should suffer the penalty of his default. It is no answer to say that the respondent did not, during the period of the delay, utter a word of protest against such delay. As we have said, it was the duty of the plaintiff to act, and to act with reasonable promptness and diligence. It was not the duty of the respondent to make any move except such as the law requires it to make in response to the movements of plaintiff at the various stages of the liti-

gation."  Even though it could be said in the present case, as plaintiff seems to contend, that under the circumstances he was not called upon to take any steps to reinstate the case on the trial calendar "for further proceedings" during the three and a half years that elapsed between the entry of the order setting aside the submission and the date of the judge's retirement, there could be no legal justification for having failed to have the cause restored to the trial calendar for retrial during the additional three and a half years following the date of the judge's retirement, because obviously immediately upon his retirement without having decided the case the cause was automatically set at large on all issues, and necessarily required that it be tried anew before another judge. Nor does the fact that after January, 1939, plaintiff's attorney could no longer act for him serve as legal ground for setting aside the trial court's affirmative finding of laches, for it will be noted plaintiff waited three years before he secured the services of another attorney.

The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.