## No. 15,941.

### JOHNSON *v.* WESTLAND THEATRES, INC.
(187 P. [2d] 932)

Decided November 24, 1947.   Rehearing denied December 15, 1947.

Mr. THOMAS CAMPBELL, for plaintiff in error.

Mr. L. E. LANGDON, for defendant in error.

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN action by plaintiff in error, as plaintiff below, against defendant in error, as defendant, for damages. The action is based on the civil rights statute of Colorado. '35 C.S.A., c. 35, §§1, 2. Defendant, proceeding on the premise, as said, that plaintiff had failed to prosecute her said action, moved dismissal thereof. The motion was granted, and judgment to that end, and for costs against plaintiff, was formally entered.

Plaintiff, a negro, alleged that March 28, 1944, she "purchased * * * a ticket entitling her to admission to said Colorado Theatre," a moving picture house, which defendant was conducting and operating in Pueblo; that after purchasing the ticket, she entered the said theatre and was seated therein; that at all times relative hereto she deported herself quietly, properly and decorously, but notwithstanding, and for the assigned reason that she was a negro and was not permitted to be seated where she was, and only that, the servants and employees of defendant, proceeding wrongfully, illegally and insultingly against plaintiff, and otherwise so demeaning themselves toward her, that, finally, she was forced to leave the theatre. May 8, 1944, based on the foregoing, plaintiff, proceeding by employed counsel, filed a complaint against defendant, seeking damages, as already mentioned; May 27, 1944, defendant filed its motion for a bill of particulars. It further appears that nothing further toward progressing the case was done until June 17, 1947, when plaintiff, appearing by her present counsel, responded to defendant's motion to that end, already stated, by filing a bill of particulars; July 2, 1947, defendant filed motion to dismiss the action for failure to prosecute, as already has been stated.

In considering the motion to dismiss, the court received evidence in relation to the delay. Sufficiently stated, it appeared from the showing thus made, that from the beginning plaintiff was seeking to have her original attorney, and to whom she had paid a satisfactory retainer, give attention to prosecuting her said action. She testified that she went to said attorney at frequent intervals —every week or so—since the case was filed, and, while he was not always present when she called, very often he was there. On the occasions when her attorney was absent when she called, she left word of her visit and the purpose thereof. When she found him in his office, always he promised to give the matter prompt attention. Plaintiff's husband also called on his wife's attorney in

the interest of making progress in the case, and he likewise received assurance of the requisite effort on the part of counsel. Not only was there such evidence from plaintiff and her husband to the tenor we have indicated, but the Honorable J. Arthur Phelps, the other judge of the same district court, voluntarily appeared before the judge who heard the motion, and told of the frequent calls which plaintiff and her husband had made on him, as they were endeavoring to get counsel for plaintiff to make progress in the case. They also called on the Honorable Harry Leddy, the judge who heard the motion. Both these judges, as is perfectly plain, sympathized with plaintiff in her effort to galvanize her attorney into action; but always they were punctilious in reminding plaintiff that her claimed misunderstanding with her lawyer was nothing of which they could take immediate cognizance. That plaintiff, personally, had been painstakingly diligent in the premises, was not questioned.

That there was unusual delay in prosecuting this case to conclusion, may not be gainsaid. Our rule 41 (b) (1) provides that there may be dismissal "for failure of the plaintiff to prosecute," etc. Rule 8 of the district court of the venue of this case provides somewhat similarly. Notwithstanding the high sense of justice which always attends the distinguished trial judge who passed on the motion, his own declaration that the "rights of the plaintiff have been, at least, handled in a very dilatory manner," and plaintiff's conceded diligence, he felt impelled, nevertheless, to act pursuant to the letter of the rule, and granted the motion to dismiss.

■ We are disposed to hold that in the circumstances appearing, it may not be said that plaintiff was guilty of failure to prosecute the case. According to the showing, she persevered no end in her effort to have the cause brought to issue, and tried. Finally, evidently despairing of action on the part of counsel who had prepared her complaint and caused it to be filed, plaintiff engaged other counsel. Plaintiff's new attorney, who also repre-

sents her here, responding to defendant's motion, promptly filed a bill of particulars. Until that time, and from May 27, 1944, when its motion for such bill of particulars was filed, defendant itself stood at ease. We are not unmindful of the recognized rule that it is plaintiff's, not defendant's, burden to prosecute a case in due course, and without unusual delay. That principle is emphasized in *Yampa Valley Coal Co. v. Vellota*, 83 Colo. 235, 263 Pac. 717, cited by counsel for defendant in error. But, as we observed in the course of our opinion there, "plaintiffs offered no reasonable excuse for the long delay and lack of diligence in prosecuting the action." Here, as we are persuaded, the contrary appears.

Let the judgment be reversed and the cause remanded, with directions to the trial court to vacate its order of dismissal, overrule the motion to that end, and otherwise proceed in usual course.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE ALTER concur.