NORTHERN ILLINOIS CORPORATION, A CORPORATION, APPELLANT, v. BRUCE W. MILLER, RESPONDENT.

No. 4478

April 18, 1962                                    370 P.2d 955

*Pike & McLaughlin,* and *William N. Dunseath,* of Reno, for Appellant.

*R. S. Flanary,* of Reno, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an action on an Illinois judgment in favor of appellant and against respondent for the sum of $749.16. The complaint was filed in the court below on November 25, 1957. On December 16, 1957 respondent filed an answer in which he denied that he owed any money

to appellant and, as a separate defense, alleged that on June 4, 1952 he signed an installment contract with appellant for the purchase of an automobile; that on November 4, 1952 the automobile was sold to one Moore who signed a new contract with appellant in which he assumed the balance due on the original contract; that at the time of the execution of the Moore contract, appellant represented to respondent that the contract of June 4, 1952 was thereby cancelled and void, and that appellant would look to Moore for the balance due; that respondent believes that the Illinois judgment is based on the June 4, 1952 contract.

On or about July 7, 1961, more than three years and seven months after the complaint was filed below, appellant gave notice that it would bring the action for setting before the court's calendar clerk on July 19, 1961. On July 13, 1961 respondent filed a motion to dismiss, based on NRCP 41 (e). Appeal is from the order dismissing the complaint.

Because no stenographic report had been taken at the hearing upon the motion to dismiss, a statement of proceedings was made by appellant pursuant to NRCP 75 (n) and approved by the court without objection, wherein it appears that the Nevada action is upon a confession of judgment in a sister state on a promissory note, "and that in light of this disclosure by the file, the court would dismiss the action. Thereafter upon statement by counsel for the plaintiff-appellant that the merits of the case were not in issue in this Motion to Dismiss the Court stated that it would nevertheless exercise its discretion upon its authority to review the file as it did and grant the motion for dismissal."

The court in approving the foregoing statement added and included therein the following: "The court ordered the dismissal of the complaint, and said order was made and filed on August 4, 1961 pursuant to NRCP 41 (e) and the exercise of the court's discretion as authorized under NRCP 41 (e)."

In Harris v. Harris, 65 Nev. 342, 196 P.2d 402, we held that the only limitations upon the discretionary

power of a court to dismiss a cause for delay in its prosecution is that such power must not be abused and "unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal."

Appellant concedes that Harris correctly states the law, but he argues that in the exercise of its discretion it was error for the trial court to consider the merits of the action. In support of this contention it cites People's Home Savings Bank v. Sherman, 150 Cal. 793, 90 P. 133. In that case a motion to dismiss was denied, it appearing among other things that the defendant was in part to blame for the delay and that constant and repeated efforts were being made to settle and adjust the case during all of the time. The appellate court intimated that the trial court might properly have come to a different conclusion but, for a reversal, a gross abuse of discretion should be made to appear which was not disclosed in the record. "[T]he superior court, in ruling upon the motion to dismiss the action for want of diligence in prosecuting the same, could properly consider any facts appearing in the record of the case and bearing upon the question of diligence and good faith, whether the same occurred before the action was begun or afterwards, and that in reviewing the action of the superior court, and considering whether or not its discretion was properly exercised, the appellate court should also take such circumstances into consideration." This case in no manner sustains appellant's contention.

▬▬▬▬▬

Although it may be inferred from the statement of proceedings as approved by the court that the court considered the nature of the action in exercising its discretion, it likewise may be inferred that the discretion of the court was exercised in favor of dismissal because of the delay in prosecution of three years and seven months. The motion was made on such ground

("that the action has not been brought to trial within two years after the said action was filed in this court"),[1] and was based upon NRCP 41 (e). The order dismissing the complaint recites that the court exercising its discretion under the provisions of NRCP 41 (e) "grants the motion."

Appellant urges that respondent has shown no prejudice from the delay. It was not incumbent upon the respondent to do so. With the record silent as to any excuse for the delay in prosecution injury is presumed. Jackson v. DeBenedetti, 39 Cal.App.2d 574, 103 P.2d 990.

If in fact the trial court did consider the merits of the action in exercising its discretion this was not error. Bonelli v. Chandler, 165 Cal.App.2d 267, 331 P.2d 705. See also Knight v. Pacific Gas and Electric Company, 178 Cal.App.2d 923, 3 Cal.Rptr. 600; Jepsen v. Sherry, 99 Cal.App.2d 119, 220 P.2d 819. If Bell v. Solomons, 162 Cal. 105, 121 P. 377, is authority to the contrary as claimed by appellant, it has been overruled in this respect by later California cases. Furthermore, when a case has been long neglected and no adequate excuse is offered for the neglect, an inference arises that the case lacks merit, and a party whose case is dismissed for lack of prosecution and who asks an appellate court to reverse the order of dismissal must see to it that the record contains something substantial which will justify a reversal. Horn v. California-Oregon Power Company, 221 Ore. 328, 351 P.2d 80. Nothing of that kind appears in the record on appeal.

The fact that the motion to dismiss in this case was made after appellant had requested a setting for trial

---

[1] Rule 41 (e) provides in part: "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial."

does not, under the circumstances of this case, preclude the granting of the motion. Atkinson v. County of Los Angeles, 180 Cal.App.2d 467, 4 Cal.Rptr. 423.

The judgment of dismissal is affirmed.

BADT, C. J., and THOMPSON, J., concur.