DONALD VOLPERT AND DONALD MURRAY, APPELLANTS, *v.* WILLIAM T. PAPAGNA, BETTY JO PAPAGNA, ELEANOR ROTT AND THOMAS E. PAPAGNA, RESPONDENTS.

No. 5665

July 11, 1969 456 P.2d 848

[Rehearing denied August 11, 1969]

*Gunderson, Sorenson & Jeffers* and *David C. Polley,* of Las Vegas, for Appellants.

*Rudiak & Publow,* of Las Vegas, for Respondents.

## O PINION

By the Court, BATJER, J.:

On January 13, 1966, the appellants filed their complaint charging the respondents, along with some thirty-five other defendants, with the tort of conspiracy. The other thirty-five defendants are not involved in this particular appeal. Following the filing of the complaint there were many motions to take depositions, motions to quash, et cetera, made on behalf of all parties, supported by points and authorities on each side concerned in the litigation. These proceedings, however, are not material to the disposition of this appeal.

On March 18, 1966, by special leave of court, an amended

complaint was filed against two of the defendants who are not involved in this appeal. On February 2, 1968, some 25 months after the filing of the original complaint, and 23 months after the filing of the amended complaint, respondents filed a motion to dismiss for want of prosecution, or in the alternative, for summary judgment.

On March 18, 1968, the district court held, in regard to respondent Thomas F. Papagna, that there was no genuine issue as to any material fact with relation to the claim of appellants against him and that he was entitled to judgment as a matter of law. The court further ordered that his motion to dismiss for failure to prosecute and his motion for summary judgment be granted. On the same day, the court found in regard to the respondents William T. Papagna, Betty Jo Papagna, and Eleanor Rott, that the action was commenced on January 13, 1966; that the amended complaint filed on March 18, 1966 was not served on them; that no action was taken to prosecute or to bring the action on for trial, and that they were entitled to summary judgment, and to have the action dismissed for failure to prosecute.

The appellants contend that the court erred (1) when it granted summary judgment; and, (2) when it granted the motions to dismiss for failure to prosecute because such orders were premature in light of NRS 14.150, which allows dismissal whenever the plaintiff has failed for 3 years, after the action is filed, to bring such action to trial.

We must first decide whether NRCP 41(e)[1] or NRS 14.150 controls this case. The former allows dismissal after a two year period has passed. On several occasions this court has considered the problems which arise when a rule of court and a statute are in conflict and have held: (1) That any legislation undertaking to require judicial action within fixed periods of time is an unconstitutional interference by the legislature with a judicial function. Waite v. Burgess, 69 Nev. 230, 245 P.2d 994 (1952); St. ex rel. Watson v. Merialdo, 70 Nev. 322, 268 P.2d 922 (1954); (2) that courts have always possessed an inherent power to dismiss an action for want of prosecution. Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948); and (3) that neither statute nor rule is needed to confer the inherent

---

[1]NRCP 41(e): "The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ."

power to dismiss an action for want of prosecution upon a court. Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729 (1963); Raine v. Ennor, 39 Nev. 365, 158 P. 133 (1916). Finally, in Lindauer v. Allen, 85 Nev. 430, 456 P.2d 851 (1969), decided just prior to this case, we squarely met the question whether a statute can amend or effectively repeal a rule which expresses an inherent power of court and held NRS 14.150 to be in contravention of Article 3, section 1 of the Nevada Constitution and that the trial court was correct when it proceeded under NRCP 41(e). Because the exact question has been raised in this case we apply the rule of the *Lindauer* case and again find NRS 14.150 to be unconstitutional and NRCP 41(e) to be applicable.

We are next faced with the contention that the action of the trial court pursuant to NRCP 41(e) is premature because the order granting the motion to dismiss for lack of prosecution was entered less than two years after the filing of the amended complaint.

The date of the filing of the amended complaint is not the relevant date. The action was commenced January 13, 1966, when the complaint was filed. NRCP 3.[2]

The appellants further contend that in any event the trial court abused its discretion when it dismissed the appellants' complaint under NRCP 41(e). We find that the court was acting within its power and did not abuse its discretion. In Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963), it was stated that "NRCP 41(e) is clear and unambiguous and requires no construction other than its own language."

In Harris v. Harris, supra, we held that the only limitations upon the discretionary power of the court to dismiss an action for delay in its prosecution is that such power must not be abused; and said, "Unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution its decision will not be disturbed on appeal.

In Dubin v. Harrell, supra, it was declared: "Here the policy to be served is that, once suit is commenced, it must be carried forward with reasonable diligence unless circumstances exist which excuse delay . . . Rule 41(e) invests the court with the power (though inherently possessed) to refuse to hear a case

---

[2]NRCP 3: "A civil action is commenced by filing a complaint with the court."

that has been filed but not prosecuted with the diligence required . . . [T]he substantive cause of action [is not] destroyed—just the availability of a remedy to enforce it. A claimant's right to a 'day in court' is subject to reasonable procedural requirements (cf. Thran v. District Court . . . [supra]) and may be lost by the failure to comply with them. . . ." and in Northern Ill. Corp. v. Miller, 78 Nev. 213, 370 P.2d 955 (1962), it was said: "With the record silent as to any excuse for the delay in prosecution injury is presumed. Jackson v. DeBenedetti, 39 Cal.App.2d 574, 103 P.2d 990. If in fact the trial court did consider the merits of the action in exercising its discretion this was not error. (citation omitted) . . . Furthermore, when a case has been long neglected and no adequate excuse is offered for the neglect, an inference arises that the case lacks merit, and a party whose case is dismissed for lack of prosecution and who asks an appellate court to reverse the order of dismissal must see to it that the record contains something substantial which will justify a reversal. Horn v. California-Oregon Power Company, 221 Ore. 328, 351 P.2d 80. Nothing of that kind appears in the record on appeal." Likewise, we find nothing in this record to justify a reversal.

The district court properly dismissed this action against these respondents pursuant to NRCP 41(e). This is dispositive of the case. We do not reach the other questions of whether or not the court acted properly in granting summary judgment or in dismissing the case against Thomas R. Papagna because of the appellant's failure to state a cause of action against him.

The judgment of the district court is affirmed.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.