L. G. VON ZEHNER and GLORIA VON ZEHNER, Appel-
lants, v. TRUCK INSURANCE EXCHANGE; THE
AMERICAN INSURANCE COMPANY; SCHNIDER
BALCH AGENCY; BOB BALCH; ROBERT J. DUR-
FEE, Doing Business as VALLEY FURNITURE;
ELLEN DURFEE; BOB CANNON; THOMAS WHITE,
Respondents.

No. 13591

March 10, 1983                                       659 P.2d 879

*Pomeranz, Myers & Crockett,* Las Vegas; and *Dodell &
Rosoff,* Los Angeles, California, for Appellants.

*Cummins & White,* and *James D. Otto,* Los Angeles, Cali-
fornia; *Paul C. Parraguirre* and *Lorin D. Parraguirre,* Las
Vegas, for Respondent Balch.

*Thorndal, Backus, Lyles & Maupin,* and *James G. Arm-
strong,* Las Vegas, for Respondent Truck Insurance Exchange.

*Goodman, Oshins, Brown & Singer,* and *Kirby R. Wells,* Las
Vegas, for Respondent Durfee.

## OPINION

*Per Curiam:*

Appellants, Gloria and L. G. Von Zehner, purchased commercial property for $200,000 at a bankruptcy auction in February, 1974. In August, 1974, appellants procured insurance coverage for the property from respondent Truck Insurance Exchange (Truck). This insurance policy was issued through respondent Balch of respondent Schnider Balch Agency and provided for coverage up to $250,000. On August 15, 1974, respondent Durfee leased the premises from appellants and began operating a retail furniture store. The property was subsequently destroyed by fire on October 15, 1974.

In order to determine the exact amount of the compensible loss, appellants and respondent Truck obtained bids for debris removal and reconstruction of the property. Appellants and respondent Truck disagreed over the amount of the claim and the parties attempted to negotiate a settlement of the dispute. To this end, counsel for Truck directed a series of letters to appellants.

The correspondence between Truck and appellants had two purposes: (1) to present Truck's $200,000 compromise settlement offer to appellants and, (2) in the event the offer was unacceptable, to initiate a contractually agreed upon "appraiser procedure" to resolve the impasse. This correspondence concluded with a letter from Truck to appellants, which read in pertinent part:

> We have been trying since May 16, when our appraiser was named, to get this matter on to appraisal as required by the policy, but for one reason or another you have refused to name an appraiser. I have asked you to consult with counsel on this matter in your own behalf and reiterate that suggestion at this point since it is my client's intention to adhere to the contract provisions between you as

expressed in the policy at all times. For example, there is a time limit within which the appraisal must be completed and if this is prevented by your failure to appoint an appraiser, the condition will not be waived.

At this point I am enclosing herewith the company's draft in the sum of $200,000 in keeping with its compromise settlement offer, the delivery of which does not in any way admit its liability for such amount under the terms of the policy. *This draft is delivered in full and complete settlement of your claim under Policy No. 67-1567-28-92 with Truck Insurance Exchange.* Its *delivery* does not in any manner alter our request that your appraiser be appointed and that the appraisal proceed pursuant to the terms of the policy. In the event, however, that such appraisal figure is less than $200,000, the difference must be repaid to my client and your acceptance of the draft *and continuing with the appraisal process would simply acknowledge your agreement to such condition.*

(Emphasis added.)

In addition to the provisions contained in the letter, the $200,000 draft enclosed in the letter contained the following release provision immediately above the endorsement signature line: ''Endorsement of this draft constitutes a release of all claims, known or unknown, the undersigned has or may have against the payor and any other persons on account of any and all claims arising out of the loss referred to on the face hereof.'' Appellants endorsed this draft and received payment of the $200,000. Appellants, however, never appointed an appraiser as requested and the record contains no reference to any action in connection with the insurance policy until appellants filed the instant suit on October 13, 1976—some 14 months after their acceptance of the $200,000 draft.

In their complaint appellants claimed they were misled into believing the $200,000 draft was only a partial settlement of their claim. Appellants proceeded against respondents Truck, Balch, Schnider Balch Agency and several other defendants for fraud, misrepresentation, bad faith, and breach of contract. The complaint also contained a negligence cause of action against respondent Durfee.

Appellants neglected to serve respondent Durfee with process until October 27, 1980—some four years after the complaint was filed. Accordingly, Durfee successfully moved to dismiss for want of prosecution pursuant to NRCP 41(e). Respondent Truck then filed a motion for summary judgment

on the grounds that there was an accord and satisfaction between Truck and appellants. Truck also asserted that appellant's claim was barred by a one-year limitation provision contained in the insurance policy. The district court agreed, and granted Truck's motion for summary judgment.

Respondents Balch and Schnider Balch Agency also filed motions for summary judgment. It appears these motions proceeded upon the ground that the release executed by appellants in connection with their compromise settlement with Truck, Balch's principal, also released Balch as well. These motions for summary judgment were granted; this appeal followed.

## ACCORD AND SATISFACTION

Summary judgment is proper whenever there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. NRCP 56(c); Nehls v. Leonard, 97 Nev. 325, 328, 630 P.2d 258 (1981); Bader Enterprises, Inc. v. Becker, 95 Nev. 807, 809, 603 P.2d 268 (1979). Appellants contend that summary judgment in the instant case was inappropriate as the existence of an accord and satisfaction is always a question of fact which may not be resolved by summary judgment. This contention is meritless. In Sims v. Veneman, 94 Nev. 344, 580 P.2d 466 (1978), the facts showed that the parties negotiated a settlement and a draft was tendered which unambiguously described the payment as a full settlement of the claim. The plaintiff then endorsed the draft and received the proceeds. We upheld the district court's order granting summary judgment stating, ''These facts establish an accord and satisfaction, *as a matter of law,* thereby settling appellant's claim.'' *Id.* at 345 (emphasis added). Similarly, the release provision contained in the draft presented in the instant case unambiguously describes the payment as full tender of the claim. Appellants endorsed the draft and received the proceeds. Given this record, we see no valid reason to distinguish the instant case from *Sims.* Thus, summary judgment was appropriate.

Appellants also contend that summary judgment was inappropriate because they did not understand the legal effect of the release they signed. Appellants argue that their misunderstanding of the transaction creates a factual issue which precludes summary judgment. *Cf.* Pederson v. First Nat'l Bank of Nevada, 93 Nev. 388, 566 P.2d 89 (1977) (trial court not compelled to accept defense of compromise and settlement where

contervailing evidence shows party receiving payment accepted it only as part payment of the original obligation). We have examined the record, however, and believe it belies appellants' claim of misunderstanding. Appellants had originally insisted respondent Truck pay the amount of the policy limit, $250,000. Appellants then engaged in a protracted series of negotiations wherein numerous proposals and counter-offers directed toward complete settlement were considered. Appellant Gloria Von Zehner admitted appellants had offered to settle the claim for $203,000 just prior to accepting the draft for $200,000. Significantly, appellants endorsed the draft, but never appointed an appraiser as they were requested if the settlement was unacceptable. In fact, appellants remained silent regarding the insurance policy and settlement until the instant lawsuit was filed. From this record, we do not believe there was any issue of fact remaining as to appellants' intent when they endorsed the draft. The compromise settlement extinguished the contractual liability of Truck and Truck's agents, respondents Balch and Schnider Balch Agency. Accordingly, the grant of respondents' motions for summary judgment was appropriate.

## DISMISSAL FOR WANT OF PROSECUTION

Appellants additionally challenge the trial court's grant of respondent Durfee's motion to dismiss for want of prosecution. Appellants' position is without merit.

As previously noted, Durfee was not served with process until approximately four years after the complaint in this action was filed. Durfee made his motion to dismiss pursuant to NRCP 41(e), which provides in pertinent part: ''The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial.'' Our role on appeal of the grant of such a motion is clear and well-defined. We simply determine whether the district judge abused his discretion in granting the motion. Hassett v. St. Mary's Hosp. Ass'n, 86 Nev. 900, 902, 478 P.2d 154 (1970). Unless it is made to appear that there has been a gross abuse of discretion on the part of the trial court in dismissing an action for lack of prosecution, its decision will not be disturbed on appeal. *Id.*

We have reviewed the record, and find no abuse of discretion. Appellants filed their complaint in October, 1973—a full

two years after the fire which destroyed their building and one day before the expiration of the statute of limitations. Appellants made no effort whatsoever to serve process on Durfee for a period in excess of four years. In the meantime, Durfee was not able to participate in extensive pretrial negotiation and discovery. When appellants finally did serve Durfee by publication in October, 1980, Durfee found himself facing liability alleged to be in excess of $1,000,000 stemming from a fire which occurred over six years before. From this record, we find the trial court committed no abuse of discretion when it dismissed appellants' cause of action against Durfee.

Those other issues raised by appellants have been considered and are without merit. Accordingly, we order the decision of the district court affirmed.