CUSTOM CATERING, INC., a Nevada Corporation, dba RL'S BLUE ONION, and RICHARD L. LONGMIRE, Individually, Appellants, *v.* LOCAL UNION NO. 226, CULINARY AND HOTEL SERVICE WORKERS UNION, etc., et al., Respondents.

No. 7697

May 27, 1975                                        536 P.2d 488

*Woodburn, Wedge, Blakey, Folsom and Hug,* and *Roger Jeppson,* of Reno, for Appellants.[1]

*Ashleman, Sabbath & Rohay,* of Las Vegas, for Respondents.

## OPINION

By the Court, Zenoff, J.:

A complaint for damages was filed December 12, 1969, for destruction of a business in Las Vegas known as the "Blue Onion Restaurant." Certain labor unions and their agents were alleged to have engaged in a strike for illegal purposes and to have conducted themselves in such manner as to drive

---

[1]Present counsel on appeal did not represent plaintiffs in the court below.

the Blue Onion out of business. The loss claimed was $400,000 actual damages and $2,500,000 in punitive damages. Richard Longmire, the individual principal in the restaurant corporation, claimed separate personal damages. Answers were filed by all defendants by January 22, 1970. Approximately four years and three months after the complaint was filed, the trial court exercised its discretion by granting an NRCP 41(e) motion to dismiss from which plaintiffs appeal.[2]

A composite of the innumerable pleadings, dates, statements, transcripts and docket entries reflects dilatory conduct in the prosecution of this litigation by the plaintiffs-appellants. Nine months after the action started there was a flurry of depositions being noticed and taken, mostly by the plaintiffs, except for the union's deposition of Longmire, which although started was never completed because his answers were incomplete and uninformative. This conduct resulted in delay after delay for his failure to provide requested and needed information.

After the initial attack, interminable delays followed until the unions took their turn and sought information by way of interrogatories and depositions. More unproductive interims ensued caused by the plaintiffs who used the excuses that records were unavailable, that their attorney was going to be out of the country, and later, that because they substituted their counsel out of the case they were unable to secure other counsel. See Hassett v. St. Mary's Hosp. Ass'n, 86 Nev. 900, 478 P.2d 154 (1970); Valente v. First Western Savings and Loan, 90 Nev. 377, 528 P.2d 699 (1975).

Such was the general course throughout the four-year period. This record, a jungle of dates, files, pleadings and statements, causes us to conclude that the plaintiffs lost respect for their lawsuit. The trial court warned the plaintiffs long in advance that their processing of the case was incomplete and unsatisfactory, yet there was no renewal of their energy. All of the significant delays in the final several months were the blame of the plaintiffs who brought the lawsuit.

New counsel purported to misunderstand the status of the case. Still, his inability to get the file from the plaintiff's original lawyer is not sufficient excuse. Courthouse records were available and copies from opposing counsel could have been requested. In all, plaintiffs have not made a sufficient and

[2]NRCP 41(e): The court may in its discretion dismiss any action for want of prosecution on motion of the defendant and after due notice to the plaintiff, whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . ."

satisfactory showing to overcome the discretion to which the trial court was entitled in granting this dismissal. Hassett v. St. Mary's Hosp. Ass'n, supra; Northern Ill. Corp. v. Miller, 78 Nev. 213, 370 P.2d 955 (1962); Harris v. Harris, 65 Nev. 342, 196 P.2d 402 (1948); NRCP 41(e).

We affirm. The five-year issue is no longer a concern and therefore does not merit discussion.

BATJER, MOWBRAY, and THOMPSON, JJ., and TORVINEN, D. J., concur.