DOLLY MILLS, AS GUARDIAN AD LITEM FOR FRANCES A. MILLS, A MINOR, DOLLY MILLS, ET AL., APPELLANTS, v. KIRK V. CAMMACK, M.D., RICHARD D. COLQUITT, M.D., ET AL., RESPONDENTS.

No. 8452

December 30, 1976                         558 P.2d 622

C. A. "Jack" Nelson, Chartered, Las Vegas, for Appellants.

Beckley, Singleton, DeLanoy, Jemison and Reid, Chartered, Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellants, alleging medical malpractice, filed a complaint for damages August 13, 1970. More than four and three-quarter years thereafter the trial judge, exercising the discretion delineated in NRCP 41(e), dismissed the complaint for want of prosecution. Appellants now ask this court to hold that the judge abused his discretion because, they claim, they were

actively pursuing the case at the time it was dismissed. The record does not support the claim.

In Spiegelman v. Gold Dust Texaco, 91 Nev. 542, 546, 539 P.2d 1216, 1218 (1975), we said that a case should not be dismissed "where the plaintiff was presently prosecuting the claim with reasonable diligence." We have neither been directed to, nor have we found, anything in this record to establish that appellants were using reasonable diligence at the time the case was dismissed; therefore, we cannot say that the district judge abused his discretion. Custom Catering, Inc. v. Local Union No. 226, 91 Nev. 334, 536 P.2d 488 (1975), Valente v. First Western Savings & Loan, 90 Nev. 377, 528 P.2d 699 (1974), Northern Ill. Corp. v. Miller, 78 Nev. 213, 370 P.2d 955 (1962).

The record is replete with delays. For example: appellants did not answer supplemental interrogatories for over four years; four years and eleven months transpired before they acquired an expert witness, and so informed respondents; and, they failed to appear and contest a motion to dismiss or vacate a trial setting. This last dereliction caused one trial setting to be cancelled and effectively precluded trial before the five year date, which would have necessitated mandatory dismissal under NRCP 41(e).

Affirmed.