# IN THE MATTER OF JERRY J. KAUFMAN, ATTORNEY AT LAW.

No. 9343

August 10, 1977                    567 P.2d 957

*Beckley, Singleton, DeLanoy, and Jemison, Chartered,* Las Vegas, for Petitioner.

*Maurice J. Sullivan,* Executive Secretary, State Bar of Nevada, Reno, and *Thorndal and Liles, Ltd.,* Las Vegas, for Respondent.

**OPINION**

*Per Curiam:*

This matter is before the Court on an application filed pursuant to Supreme Court Rule 111 for review of a recommendation of the Board of Governors of the State Bar of Nevada, that the applicant, Jerry J. Kaufman, be publicly reprimanded and assessed the costs of his hearing before the Local Administrative Committee, District No. 1, Clark County.

In 1969, Richard L. Longmire retained Petitioner, Jerry J. Kaufman, as his attorney to file suit on behalf of himself, and Custom Catering, a corporation, in which he was a principal, against Local Union 226, Culinary and Hotel Service Workers Union and others. Petitioner received a retainer fee of $1,000, together with $4,000 as an advance on the costs of said action, of which $1,567.57 remained at the time of Petitioner's withdrawal from the case in February of 1973. The case was pursued by Petitioner for approximately three years with extensive discovery activity, most of which occurred during the earlier stages of the proceedings. On February 12, 1973, three days prior to a court-ordered deadline for the filing by his clients of

answers to interrogatories, Petitioner, having had no success in obtaining Longmire's consent, filed a motion to withdraw as counsel, alleging as justification therefor, "a difference of philosophy with his client as to preparation and trial . . . ; and that he finds their personalities to be incompatible." The motion was neither noticed nor served on Longmire and was granted the next day, February 13, 1973.

Following this, Petitioner refused to relinquish the file materials, which included numerous depositions and refused to return the balance of the prepaid costs, stating that they would be given to the successor attorney on designation of the latter by Longmire.

Thereafter, Longmire attempted to engage the services of various lawyers, but it was not until as late as August, 1973, that attorney Kermitt Waters informally accepted representation. Prior thereto, and for a period thereafter, during Waters' informal extrajudicial representation, Longmire filed *pro per* motions for extensions regarding the interrogatories. The trial court granted extensions to September 12, 1973, when, in the face of continuing discovery defalcations, it again entered an order compelling discovery. On February 22, 1974, following a hearing on an NRCP 41(e) motion, the action was dismissed for want of prosecution, in part, as a result of Longmire's failure to comply with the discovery orders. The order of dismissal was affirmed on appeal to this Court. *See* Custom Catering, Inc. v. Local Union No. 226, 91 Nev. 334, 536 P.2d 488 (1975).

Following numerous unsuccessful efforts to obtain the file materials, in November of 1973, Waters filed a motion to associate as counsel with Petitioner. Several letters between Petitioner and Waters attempting to reach an accord as to the contingent fee allocation should a judgment in Longmire's favor be obtained, evidence the fact that Petitioner was retaining the unexpended advance of costs and the file conditioned upon Longmire's agreeing that Petitioner was entitled to one-half of attorney Waters' fee. The files were not tendered to Waters until after the case had been dismissed because, although Waters had reluctantly agreed to the new contingent fee division with Petitioner, Longmire did not concur with Petitioner's prospective fee participation. The unexpended funds were not accounted for until an accounting was requested by the Administrative Committee.

The Administrative Committee's factual findings are essentially contained in the above case history. Relevant parts of the Committee's conclusions of law are as follows:

2. A lawyer who files a motion to withdraw from employment without the consent of his client shall give due notice to his client of any hearing on said motion.

3. A lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client.

4. A lawyer who withdraws from employment shall render a prompt accounting of all his client's funds and other property in his possession.

5. A lawyer who withdraws from employment shall promptly deliver to the client all papers and property to which his client is entitled.

6. JERRY J. KAUFMAN is guilty of violating the standards of professional ethics set forth in No. 2–5 of these conclusions of Law.

Petitioner's contentions are directed to the sufficiency of the Committee's findings of fact and conclusions of law, as adopted by the Board of Governors. More specifically, Petitioner argues that there are insufficient findings of fact from which to determine whether the withdrawal caused any foreseeable prejudice to the client; that there are insufficient findings to determine whether Petitioner was justified in withdrawing from the case and was properly enforcing an attorney's lien right; and that further findings of fact should have been made in mitigation of the recommendation of a public reprimand.

Here, our responsibility approaches that of a *de novo* review of the record. In re Scott, 53 Nev. 24, 292 P. 291 (1930). This Court in In re Miller, 87 Nev. 65, 482 P.2d 326 (1971), stated:

> It is the obligation of this court, in reviewing a case of this nature, to examine the entire record anew to determine whether any charge meriting discipline has been proven. In such a review we are not bound by the findings or recommendations of the local administrative committee, nor by the findings or recommendations by the board of governors. In re Scott, 53 Nev. 24, 292 P. 291 (1930); In re Wright, 68 Nev. 324, 232 P.2d 398 (1951). On the other hand the findings and the recommendations of the committee and board are persuasive, and a petitioner must affirmatively reveal wherein the findings and recommendations are erroneous and unlawful.

*Id.* at 68–69, 482 P.2d at 328.

456

Recognizing that a higher degree of proof is required in disciplinary matters than is required to determine questions of fact in ordinary civil proceedings, *id.,* we find that Petitioner has failed to carry his burden on review. There does exist persuasive evidence to support the findings and conclusions of the Committee, as well as the recommendation of the Board of Governors.

*The Withdrawal:* It is undisputed that Longmire received no formal notice concerning the court proceedings on the motion to withdraw and had no opportunity to be heard. Petitioner admits that there was no notice of the motion, although there was verbal notice that " '[i]f you have an objection, come down to the court then, but I am getting out' ", this occurring prior to the actual filing of the motion to withdraw. The informal notice afforded Longmire, in reality, constituted no notice in contemplation of law, and clearly violated Supreme Court Rule 173[1] and A.B.A. Disciplinary Rule 2.110 A–2.[2]

While a party may discharge his attorney with or without cause, Morse v. District Court, 65 Nev. 275, 195 P.2d 199 (1948), with few limitations, the attorney should not withdraw from a case except for good cause. Page v. Walser, 46 Nev. 390, 213 P. 107 (1923); Eisenberg v. Brand, et al., 259 N.Y.S. 57, 144 Misc. 878 (1932). The justification for this is not difficult to see when we consider the perils a client may suffer if he attempts to conduct his own litigation. Here, Petitioner made no additional request for extensions and made no attempt whatsoever to aid Longmire in obtaining other counsel, and this is particularly significant in view of the impending expiration date and weight of these civil proceedings. The

---

[1]Supreme Court Rule 173 provides in part: "After acceptance of employment, a member of the state bar, unless discharged, should diligently conduct the cause to an expeditious conclusion. He may withdraw at any time with the consent of the client but if the consent of the client cannot be obtained then he should obtain the approval of the court for his withdrawal. . . . When he withdraws he should render a prompt accounting of all his client's funds and other property in his possession."

[2]A.B.A. Disciplinary Rule 2.110 A–2 provides: "In any event, a lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, allowing time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules."

attorney is versed in substantive as well as procedural law and thus knows how to avoid pitfalls which otherwise may befall his client. Here, the trial court had seasonably cautioned Petitioner and his clients that the prosecution of the case was dilatory and inadequate. It should have been "foreseeable" to Petitioner that prejudice to his clients in the form of sanctions, including dismissal, may reasonably have resulted from his withdrawal and his refusal to tender the file materials. This is so, although the dismissal was partially the result of Longmire's incomplete and uninformative answers given during discovery. Irrespective of this fact, Petitioner's manner of withdrawal was indefensible.

*The Lien:* The funds retained by Petitioner were the remainder of monies advanced to satisfy various costs of litigation which might be incurred. Supreme Court Rule 173 requires a prompt accounting of "all . . . client's funds and other property in his possession." Supreme Court Rule 176[3] and A.B.A. Disciplinary Rule 2.110 A–3[4] require a similar accountability. Although requested by Longmire, the accounting in this instance was not made until after disciplinary proceedings had been instituted. Petitioner defends his actions as an exercise of his attorney's lien right.

It is settled in this State that an attorney has the right to retain clients' papers, documents, and files as a passive lien for the payment of fees owing as of the attorney's withdrawal. Morse v. District Court, 65 Nev. 275, 195 P.2d 199 (1948). The question of whether or not the lien in question is a retaining lien or a "special or charging" lien, as well as the fact of a lawyer's voluntary withdrawal from a case, greatly affects the ability of a lawyer to keep property belonging to the client. *Morse* defines a "special or charging" lien as "the right to be paid out of a fund or judgment which he has been instrumental in recovering for his client." *Id.* at 284, 195 P.2d at 203. As excess money was available to Petitioner to pay the costs of litigation, the retention of the file could not have been for that purpose. It was for the purpose evidenced throughout the correspondence between Waters and Petitioner, namely, to arrange

---

[3]Supreme Court Rule 176 provides: "A member of the state bar shall promptly account to the client for all money or other property received by him and account for money and other property belonging to such client."

[4]A.B.A. Disciplinary Rule 2.110 A–3 provides: "A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned."

a proportionate distribution of the contingent fee agreement struck between Waters and Longmire. Other than using the retention of the file as a means of inducing Longmire to agree to a division of a contingent fee, the retention of the file served no purpose and violated Supreme Court Rules 173, 176, and A.B.A. Disciplinary Rule 2.110 A–2 regarding the prompt accounting of the client's property in his possession. Assuming *arguendo,* that Petitioner was entitled to the claimed retaining lien in this contingent fee setting, it was lost with his voluntary withdrawal, particularly in light of these facts.

The above provisions of the Canons of Professional Ethics of the American Bar Association were adopted by reference and made additional rules of professional conduct of the State Bar of Nevada by Supreme Court Rule 203.

Supreme Court Rule 163 provides, inter alia, "the willful breach of any Rules 163 to 204, inclusive, shall be punished by reprimand, public or private, or by suspension from practice, or by disbarment." A member of the State Bar who knowingly and consciously engages in conduct which is proscribed by Supreme Court Rules 163 to 204, inclusive, is subject to the sanctions of Supreme Court Rule 163. "It is not necessary that his conduct be accompanied by malice or an evil intent. Good faith may, however, be considered in mitigation of punishment." In re Kellar, 88 Nev. 63, 66, 493 P.2d 1039, 1041 (1972). Although there was some evidence in the record to indicate that Longmire was uncooperative with Petitioner, these and other suggested mitigating circumstances do not excuse Petitioner's conduct, nor do they cause us to find that the penalty is not concomitant with the misconduct. The findings of fact, conclusions of law, and recommendation will not be disturbed.

It is, therefore, ordered that Jerry J. Kaufman be given a public reprimand for his conduct in violating the Supreme Court Rules referred to in this opinion and is hereby cautioned to refrain from such conduct in the future.

It is further ordered that he pay to the State Bar of Nevada the costs and fees incurred in connection with his hearing before the Local Administrative Committee in the total amount of $741.25.[5]

---

[5]MR. JUSTICE GUNDERSON *voluntarily disqualified himself and took* no part in this decision. The Governor, pursuant to Art. VI, § 4 of the Constitution, designated District Judge Michael E. Fondi to sit in his stead.