VIRGIL PAUL WOMACK, APPELLANT, *v.* WARDEN, NEVADA STATE PRISON, RESPONDENT.

No. 12144

November 30, 1979                                   603 P.2d 267

*Charles M. Kilpatrick,* Carson City, for Appellant.

*Patrick B. Walsh,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Charles M. Kilpatrick was appointed to represent appellant, an indigent. Mr. Kilpatrick now moves to be relieved as appellant's attorney, and for appointment of substitute counsel. The motion was served by mail on respondent's counsel, who does not oppose the motion. However, there is no indication that the motion was served on appellant, Mr. Kilpatrick's client.

The Code of Professional Responsibility of the American Bar Association has been adopted by reference into the Nevada Supreme Court Rules. SCR 203. Under the Code, a lawyer must give adequate notice of withdrawal to his client. Canon 2, Ethical Consideration 2-32[1]; Disciplinary Rule 2-110(A)(2).[2]

Where a lawyer seeks to withdraw as appointed counsel for a client, notice to the adverse party is not enough. It is the client whose rights and interest are affected. Thus, due notice of the motion to withdraw must be given to the client. *See* In re Kaufman, 93 Nev. 452, 567 P.2d 957 (1977).

Counsel's motion for appointment of substitute counsel is denied without prejudice to the re-filing of the motion with adequate proof or acknowledgment of service on appellant.

It is so ORDERED.

---

[1]Ethical Consideration 2-32 provides in part, that when a lawyer withdraws from a case, he should "protect the welfare of his client by giving due notice of his withdrawal."

[2]Disciplinary Rule 2-110(A)(2) provides, in part, that a lawyer "shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including giving due notice to his client. . . ."