**James H. WARREN, on behalf of himself and all others similarly situated, Plaintiff/Appellant,**

v.

**Joe Hagey SCOTT, Circuit Court Clerk for Maury County, Tennessee, on behalf of himself and all others similarly situated, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 4, 1992.

Application for Permission to Appeal Denied by Supreme Court Dec. 21, 1992.

John S. Colley, III, Colley & Colley, Columbia, for plaintiff/appellant.

Thomas W. Hardin, Hardin, Ewing, Parkes & Taylor, Columbia, for defendant/appellee.

Charles W. Burson, Atty. Gen. & Reporter, Gina J. Barham, Deputy Atty. Gen., Nashville, for intervening defendant/appellee.

## OPINION

CANTRELL, Judge.

The plaintiff, whose funds had been held by the Circuit Court Clerk of Maury County for a short time, sued the clerk for the interest earned and sought to represent a plaintiff's class against a defendant's class comprised of all court clerks in the state. The chancellor refused to certify the class action and held the plaintiff's claim was barred by the statute of limitations. We affirm.

### I. Facts and Procedural History

When the City of Columbia condemned some property in which the plaintiff had an interest and paid the estimated price into court, the circuit court clerk, pursuant to Tenn.Code Ann. § 18-5-106(a) put the funds into an interest bearing account on February 23, 1988. On June 23, 1988, an order was entered in the circuit court ordering the clerk to pay the deposited funds to the parties having an interest in the property. On July 14, 1988, the plaintiff moved the court to vacate the order of distribution because his share was incorrect. The court vacated the order on October 6, 1988, and the plaintiff withdrew

$6,542.72 on January 27, 1989. On April 6, 1989, the court ordered the co-owners to make certain payments to the plaintiff in order to equalize his share. None of the payments to the property owners included interest on the funds deposited with the clerk. The clerk, pursuant to the statute, treated the interest earned as part of the fees of his office and ultimately paid his surplus to Maury County.

On November 1, 1990, the plaintiff filed this action under Title 42 U.S.C. § 1983 alleging that the defendant clerk had deprived him of the interest earned on his money without due process of law. The complaint also alleged that the clerk violated his duty as a trustee of the funds by diverting the interest to the county general fund.

The complaint alleged that there was a class of plaintiffs, too numerous to be joined in one action, all of whom had claims similar to plaintiff's and that all clerks of court in the state engaged in the practice of investing deposited funds and keeping the interest earned. The relief sought included an injunction, reimbursement of the interest, certification of a plaintiff's and a defendant's class, attorney's fees, and costs.

The chancellor denied the plaintiff's motion for certification of the two classes and set the case for trial. After a bench trial, the chancellor held that the one year statute of limitations barred the plaintiff's action under 42 U.S.C. § 1983, and that the defendant had not violated a fiduciary duty to the plaintiff.

## II. The Class Action

Although the plaintiff does not state in his brief the precise definition of the class he seeks to represent, he filed an amended motion for certification with the trial court on April 4, 1991 in which he described the plaintiff's class as follows:

[P]ersons and entities who have been and are being deprived of interest earned on funds in the amount of at least $1,000.00 deposited with and held for their benefit by Tennessee clerks of court for at least eight (8) calendar days.

The plaintiff described the defendant's class as:

[C]lerks of court who deprived Plaintiffs of interest earned on funds held by said clerks for Plaintiffs' benefit, and retained by said clerks.

Rule 23.01, Tenn.R.Civ.Proc., states the prerequisites for certification of a class:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

■ On these requirements, and the additional factors set forth in Rule 23.02, Tenn.R.Civ.Proc., the person seeking certification of the class has the burden of proof, *Bohlinger v. American Credit Co.*, 594 S.W.2d 710 (Tenn.App.1979), and a decision to certify a class or to deny certification is within the sound discretion of the trial judge. *First American National Bank of Nashville v. Hunter*, 581 S.W.2d 655 (Tenn.App.1978).

■ In denying class certification the trial judge found the following facts:

Very frankly, the Court is of the opinion that this is not a certifiable class action. There are numerous reasons why it is not a certifiable class action, one of these being that the claims of the proposed class vary so greatly that evidence needs to be taken on each claim or at least on numerous types of claims.

As an illustration, you would have to have evidence on statute of limitations on various cases; the right to withdraw funds; which is present in this case; whether there was pro se representation or representation by counsel; the amount involved; the period of time involved; the type account, if any, maintained by the clerk because under the statute it is not a mandatory thing and, evidently, there are clerks in this state

who do not maintain these accounts; the cost of furnishing the services rendered by the court clerk and by the court, and that would not just be the cost of maintaining an account, that would be the clerical services rendered, et cetera, and I don't know what your stipulation included.

\*     \*     \*     \*     \*     \*

If there has been evidence entered, you need to let me know. But I don't think it would change the situation. It only fortifies the decision of the Court; that is there's been no evidence presented on either the capability or the willingness of the plaintiff to bear the expenses of this class action if it were certified.

We think the trial judge was correct in his recitation of the facts. The length and width of the proposed class—all persons and entities who have had at least $1,000 on deposit with any of the clerks of court for at least eight days—raises insurmountable obstacles to a finding of commonality and typicality which are the threshold requirements of Rule 23. With no time frame stated in the motion, questions involving the statute of limitations will have to be examined with regard to each claim. Since, in each case, as in this case, there may be a fact-sensitive question of when the statute begins to run, we can't say that there are questions of fact common to the class. We also think a question of fact exists as to whether every member of the proposed class is entitled to interest on the money held by a clerk for more than eight days. It is not clear from the record in this case that every clerk in this state automatically places all money on deposit in an interest bearing account.

Since the chancellor did not abuse his discretion in refusing to certify the plaintiff's class, it is unnecessary to examine the record with respect to the defendant's class.

### III. The Statute of Limitations

■ The plaintiff concedes that his cause of action under 42 U.S.C. § 1983 is governed by the one year statute of limitations in Tenn.Code Ann. § 28–3–104. Since he withdrew his funds on January 27, 1989, and did not bring this action until November 1, 1990, the statute, unless tolled, had obviously run. The plaintiff contends that the statute did not begin to run until eighteen months later when he discovered that the funds had earned interest while on deposit with the clerk.

We think, however, that when the plaintiff received his share of the funds in January of 1989—at a time when he was represented by counsel—he should have discovered the fact of his alleged injury by the exercise of reasonable diligence. *See Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir.1990). When the funds had been on deposit almost a year and then were paid out without including any interest, we think an ordinarily prudent person would have asked why the funds had not increased.

Therefore, we affirm the court's holding that the statute of limitations bars any claim under 42 U.S.C. § 1983.

### IV. The Fiduciary Claim

■ The plaintiff asserts that the defendant clerk was a trustee of the funds held for the plaintiff and violated a fiduciary duty by investing the funds and paying interest to the county.

Although there is some authority for the proposition that clerks of court are trustees of the funds held by them, *State v. McLemore*, 162 Tenn. 129, 37 S.W.2d 103 (1931); *Steinberg v. Cox*, 24 Tenn.App. 340, 144 S.W.2d 12 (1939), there is also authority, in a condemnation case, for the fact that the clerk is not a trustee of the funds paid into court. *Louisville & N.R. Co. v. Boswell*, 104 Tenn. 529, 58 S.W. 117 (1900). For the purposes of this case, however, we do not think it matters. We will assume that the defendant was acting as trustee of the plaintiff's funds.

By Tenn.Code Ann. § 18–5–106(a), the legislature authorized clerks to invest idle funds in an interest bearing account and to keep the interest earned as part of the fees of the office. Although the plaintiff attacked the statute in the court below, the

trial judge pretermitted the question because his view of the other issues made a decision on the validity of the statute unnecessary. On appeal the plaintiff has not raised an issue about the validity of the statute. Thus, we presume that the statute is valid. *Bricker v. Sims*, 195 Tenn. 361, 259 S.W.2d 661 (1953).

If the statute is presumed to be valid, the defendant clerk, in operating under the authorization of the statute, cannot be said to have violated a fiduciary duty to the plaintiff. *See* 76 Am.Jur.2d *Trusts* §§ 488–489. Even if the statute is unconstitutional, there is authority in this state for the proposition that actions taken under the statute prior to a judicial determination of its invalidity will not subject a ministerial officer to liability. *See Franks v. State*, 772 S.W.2d 428 (Tenn.1989); *Bayless v. Knox County*, 199 Tenn. 268, 286 S.W.2d 579 (1955).

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Maury County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.