IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 5, 1999

## DAVID STOVALL v. CHRISTOPHER L. DUNN

**Appeal from the Circuit Court for Maury County**
**No. 8593     Jim T. Hamilton, Judge**

---

**No. M1999-00200-COA-R3-CV - Filed June 11, 2002**

---

This appeal involves a state prisoner's civil rights action against a private lawyer appointed to represent him in a post-conviction proceeding. The prisoner filed suit against his former lawyer in the Circuit Court for Maury County alleging that the lawyer, motivated by racial bias, had intentionally deprived him of an opportunity to seek appellate review of an adverse decision of the Tennessee Court of Criminal Appeals and had refused to provide him with his case file. The lawyer moved for summary judgment on the ground that the prisoner's complaint was barred by the statute of limitations. The trial court granted the summary judgment, and the prisoner has appealed. We have determined that the trial court erred by granting the summary judgment because there is a genuine factual issue regarding whether the prisoner's complaint is time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

David Stovall, Only, Tennessee, Pro Se.

Christopher L. Dunn, Columbia, Tennessee, Pro Se.

### OPINION

### I.

On January 6, 1992, David Stovall pleaded guilty to seven aggravated felony charges, and the Circuit Court for Maury County sentenced him to serve thirty-five years in state custody.[1] Mr. Stovall began attacking his guilty pleas soon after his incarceration at the Turney Center in Hickman County. In August 1992, he filed a pro se petition for post-conviction relief in the Circuit Court for Maury County arguing that his pleas were involuntary because he had been under the influence of marijuana and Valium and because his public defender had not adequately explained the plea

---

[1]Mr. Stovall pleaded guilty to one count of aggravated robbery, two counts of aggravated rape, two counts of aggravated kidnaping, and two counts of aggravated assault. *Stovall v. State*, No. 01C01-9401-CC-00022, 1995 WL 2997, at *1 (Tenn. Crim. App. Jan. 5, 1995) (No Tenn. R. App. P. 11 application filed).

agreement. At some point during 1993, the trial court appointed Christopher L. Dunn, a private lawyer in Columbia, to represent Mr. Stovall in the post-conviction proceeding.

Mr. Stovall, who is an African-American, claims that he first met Mr. Dunn shortly before the August 18, 1993 evidentiary hearing on his post-conviction petition. He asserts that Mr. Dunn told him on that occasion "I must tell you honestly, I don't particularly care for blacks who date outside their own race, and I don't think you should expect too much to come out of this case." After the trial court dismissed Mr. Stovall's petition on January 11, 1994, Mr. Dunn perfected an appeal on Mr. Stovall's behalf to the Tennessee Court of Criminal Appeals.

Despite the fact that the Court of Criminal Appeals filed an opinion affirming the dismissal of his post-conviction petition on January 5, 1995, Mr. Stovall asserts that Mr. Dunn never informed him of the appellate decision. He claims that Mr. Dunn never responded to his repeated telephone calls and correspondence regarding the status of his appeal or to his repeated requests for a copy of his file. Finally, on November 18, 1998, Mr. Stovall wrote the appellate court clerk regarding the status of his appeal. The clerk responded by sending both Mr. Stovall and Mr. Dunn a copy of the case history indicating that the Court of Criminal Appeals had affirmed the dismissal of his post-conviction petition on January 5, 1995. The clerk also informed Mr. Stovall that he could obtain a copy of the Court of Criminal Appeals' opinion from Mr. Dunn. According to Mr. Stovall, Mr. Dunn neither contacted him nor sent him the Court of Criminal Appeals' opinion or his case file.

Mr. Stovall took two actions after discovering that the Court of Criminal Appeals had long since disposed of his appeal. First, he filed a motion in the trial court seeking a delayed appeal pursuant to Tenn. Code Ann. § 40-30-213 (1997).[2] Second, on March 5, 1999, he filed suit against Mr. Dunn in the Circuit Court for Maury County alleging that Mr. Dunn had violated 42 U.S.C. §§ 1981 and 1982 by intentionally depriving him of his right to seek review of the Court of Criminal Appeals' January 5, 1995 opinion and by refusing to provide him his case file because of his race.[3]

Mr. Dunn responded to Mr. Stovall's complaint with a motion for summary judgment asserting that the complaint was barred by the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(a)(3) (2000). Thereafter, Mr. Stovall moved for a change of venue to Hickman County based on his discovery of Tenn. Code Ann. § 41-21-803 (1997).[4] Following a hearing on May 10, 1999, which Mr. Stovall apparently did not attend, the trial court filed an order on May 17, 1999

---

[2]The Circuit Court for Maury County denied Mr. Stovall's motion for a delayed appeal on August 11, 1999. The Court of Criminal Appeals affirmed this decision because Tenn. Code Ann. § 40-30-213 does not permit delayed appeals from the denial of post-conviction petitions. *Stovall v. State*, No. M1999-00937-CCA-R3-PC, 1999 WL 1261926, at *1 (Tenn. Crim. App. Dec. 29, 1999), *perm. app. denied* (Tenn. May 15, 2000).

[3]Although not relevant to the issues raised in this appeal, we gather from Mr. Stovall's Tenn. Code Ann. § 41-21-805 (1997) affidavit that he filed a similar suit against Mr. Dunn in the Circuit Court for Hickman County.

[4]Tenn. Code Ann. § 41-21-803 provides: "Except as otherwise provided by law, an action that accrued while the plaintiff inmate was housed in a facility operated by the department [of correction] shall be brought in the county in which the facility is located."

granting Mr. Dunn's summary judgment motion. The trial court never specifically addressed Mr. Stovall's motion for change of venue.[5]

Mr. Stovall has perfected an appeal to this court. He asserts that the trial court erred by granting the summary judgment because of his pending motion for change of venue and because Mr. Dunn's failure to notify him of the January 5, 1995 opinion by the Court of Criminal Appeals tolled the running of the statute of limitations. For his part, Mr. Dunn asserts that the trial court correctly determined that Mr. Stovall's complaint was time-barred. He also argues for the first time that he is immune from suit pursuant to Tenn. Code Ann. § 8-14-209 (1993) because he was acting as a "public defender" as defined in Tenn. Code Ann. § 40-14-201 (1997).

## II.
### MR. DUNN'S BELATED IMMUNITY DEFENSE

We turn first to Mr. Dunn's claim that we should dismiss Mr. Stovall's appeal because he is immune from suit. He first raised this claim in a motion to consider post-judgment facts pursuant to Tenn. R. App. P. 14. We denied this motion on November 12, 1999, pointing out that the motion more properly involved supplemental argument rather than supplemental facts. Mr. Dunn has now included this argument in his brief.

By making this argument, Mr. Dunn is undertaking to rely on a defense that he failed to present to the trial court. Because our jurisdiction is appellate only, Tenn. Code Ann. § 16-4-108(a)(1) (1994); *Smith v. Harriman Util. Bd.*, 26 S.W.3d 879, 887 (Tenn. Ct. App. 2000), we customarily decline to consider arguments that were not first presented to the trial court and that are being raised for the first time on appeal. *Simpson v. Frontier Cmty. Credit Union*, 810 S.W.2d 147, 153 (Tenn. 1991); *Williamson County Broad. Co. v. Intermedia Partners*, 987 S.W.2d 550, 553 (Tenn. Ct. App. 1998); *Sweeney v. State Dep't of Transp.*, 744 S.W.2d 905, 906 (Tenn. Ct. App. 1987). Accordingly, we decline to consider Mr. Dunn's immunity argument based on Tenn. Code Ann. §§ 8-14-209 and 40-14-201.

## III.
### MR. STOVALL'S BELATED OBJECTION TO VENUE

We turn next to Mr. Stovall's assertion that the trial court should not have granted the summary judgment because the proper venue for his lawsuit was Hickman County where Turney Center is located rather than Maury County where Mr. Dunn resides. While it is unlikely that Tenn. Code Ann. § 41-21-803 applies to suits by state prisoners against persons who are not state employees for conduct unrelated to the operation of the institution where the prisoner is housed, we need not address this issue now because both Mr. Stovall and Mr. Dunn have waived their opportunity to question venue in this case.

---

[5]For the purpose of this opinion, we assume that the trial court implicitly denied Mr. Stovall's motion to change venue because it proceeded to address Mr. Dunn's summary judgment motion on its merits. Accordingly, we construe the May 17, 1999 order as final because, either explicitly or implicitly, it disposed of all the claims between the parties.

Mr. Stovall's claim against Mr. Dunn involves a transitory cause of action. In a proceeding involving a transitory cause of action, venue is nothing more than the personal privilege of the defendant to be sued in particular statutorily-defined counties. *Turpin v. Conner Bros. Excavating Co.*, 761 S.W.2d 296, 297 (Tenn. 1988); *Corby v. Matthews*, 541 S.W.2d 789, 791 (Tenn. 1976). In these sorts of cases, venue is not equated with subject matter jurisdiction. Accordingly, a defendant will be deemed to have waived improper venue by failing to contest it in the first pleading. Tenn. R. Civ. P. 12.08; *Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Similarly, a plaintiff will be deemed to have waived an objection to venue simply by filing suit in a county about which it later objects. *Corby v. Matthews*, 541 S.W.2d at 791.

Mr. Stovall filed his suit against Mr. Dunn in Maury County, thereby waiving any later objection to improper venue in Maury County. Similarly, Mr. Dunn moved for a summary judgment based on the statute of limitations without objecting to venue. He likewise lost his opportunity to take issue with venue. Because both parties have waived their right to raise the venue issue, we conclude that the trial court did not err by proceeding to address Mr. Dunn's pending summary judgment motion.

## IV.
### MR. DUNN'S STATUTE OF LIMITATIONS DEFENSE

As a final matter, we turn to the summary dismissal of Mr. Stovall's complaint against Mr. Dunn on the ground that it was filed after the running of the statute of limitations. Mr. Stovall advances two reasons why the trial court should not have granted the summary judgment. First, he asserts that Mr. Dunn's motion was premature because it was filed within thirty days after he filed his complaint. Second, he asserts that the summary judgment was inappropriate because of genuine factual disputes regarding when his cause of action against Mr. Dunn accrued.

### A.

We turn first to Mr. Stovall's claim premised on Tenn. R. Civ. P. 56.01 that Mr. Dunn's summary judgment motion was premature because it was filed twenty-five days after he filed his complaint. Mr. Stovall's reliance on Tenn. R. Civ. P. 56.01 is misplaced because, by its own terms, the thirty-day restriction applies only to "[a] party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment." While this limitation is mandatory, *Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976), it is inapplicable to defensive summary judgment motions such as the one Mr. Dunn filed.[6] Accordingly, Mr. Stovall's argument based on Tenn. R. Civ. P. 56.01 is without merit.

### B.

Mr. Stovall's second argument based on the existence of genuine factual disputes regarding Mr. Dunn's statute of limitations defense has substantially more merit. Summary judgments should

---

[6]The purpose of the thirty-day restriction on offensive summary judgment motions is obvious. The drafters of the rules desired to prevent a plaintiff from placing the case at issue until the defendant has been afforded a reasonable opportunity to determine what the case is about and to assert appropriate defenses.

not be granted when genuine disputes regarding the material facts exist. Tenn. R. Civ. P. 56.04. Accordingly, we must examine the record to determine whether Mr. Dunn was entitled to a judgment as a matter of law based on the undisputed facts.

## 1.

A question of material fact exists when reasonable minds differ regarding whether a material occurrence happened. *Conatser v. Clarksville Coca-Cola Bottling Co.*, 920 S.W.2d 646, 647 (Tenn. 1995); *Harrison v. Southern Ry. Co.*, 31 Tenn. App. 377, 387, 215 S.W.2d 31, 35 (1948). If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists. *Louis Dreyfus Corp. v. Austin Co.*, 868 S.W.2d 649, 656 (Tenn. Ct. App. 1993). If, on the other hand, the evidence, and the inferences to be reasonably drawn from the evidence, permit a reasonable person to reach only one conclusion, then there are no material factual disputes, and the issue may be disposed of as a matter of law. *Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001); *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66 (Tenn. 2001).

The party seeking a summary judgment bears the burden of demonstrating that no genuine dispute of material fact exists and that it is entitled to a judgment as a matter of law. *Shadrick v. Coker*, 963 S.W.2d 726, 731 (Tenn. 1998); *Pendleton v. Mills*, ___ S.W.3d ___, ___, 2001 WL 1089503, at *4 (Tenn. Ct. App. 2001). *Armoneit v. Elliott Crane* Serv., 65 s.W.3d 623, 627 (Tenn. Ct. App. 2001). Once the moving party demonstrates that it has satisfied these requirements, the nonmoving party must show how Tenn. R. Civ. P. 56's requirements have not been satisfied. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997).

Mere conclusory generalizations will not create a genuine factual dispute sufficient to prevent the trial court from granting a summary judgment. *Fariello v. Rodriguez*, 148 F.R.D. 670, 680 (E.D.N.Y. 1993); *Cawood v. Davis*, 680 S.W.2d 795, 796-97 (Tenn. Ct. App. 1984). The nonmoving party must convince the trial court that there are sufficient factual disputes to warrant a trial. The nonmoving party may carry its burden by (1) pointing to evidence either overlooked or ignored by the moving party that creates a factual dispute, (2) rehabilitating evidence challenged by the moving party, (3) producing additional evidence that creates a material factual dispute, or (4) submitting an affidavit in accordance with Tenn. R. Civ. P. 56.07 requesting additional time for discovery. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall*, 847 S.W.2d 208, 215 n. 6 (Tenn. 1993); *DeVore v. Deloitte & Touche*, No. 01A01-9602-CH-00073, 1998 WL 68985, at *3 (Tenn. Ct. App. Feb. 20, 1998) (No Tenn. R. App. P. 11 application filed). Nonmoving parties who do not carry their burden face summary dismissal of the challenged claim because, as our courts have repeatedly observed, the "failure of proof concerning an essential element of a cause of action necessarily renders all other facts immaterial." *Alexander v. Memphis Individual Practice Ass'n*, 870 S.W.2d 278, 280 (Tenn. 1993); *Strauss v. Wyatt, Tarrant, Combs, Gilbert & Milom*, 911 S.W.2d 727, 729 (Tenn. Ct. App. 1995).

## 2.

The parties' pleadings and motions provide the court with guidance for determining which facts are material and whether these facts are in dispute. Thus, we turn first to Mr. Stovall's complaint and Mr. Dunn's summary judgment motion. While Mr. Stovall's complaint lacks clarity, he appears to be asserting that Mr. Dunn violated his constitutional rights by (1) depriving him of his opportunity to request the Tennessee Supreme Court to review the Court of Criminal Appeals' disposition of his appeal; (2) refusing to file a Tenn. R. App. P. 11 application on Mr. Stovall's behalf;[7] and (3) refusing to surrender Mr. Stovall's case file to prevent him from filing a pro se Tenn. R. App. P. 11 application.[8] While the record is not sufficiently developed for us to determine the merits of any of these claims, we have determined that they appear to state claims under 42 U.S.C. §§ 1981 and 1982.

Mr. Dunn argues that the substance of Mr. Stovall's allegations is irrelevant because the statute of limitations barred Mr. Stovall from asserting any claims against him. He asserts that Mr. Stovall's cause of action accrued on February 10, 1995, when the Court of Criminal Appeals issued its mandate and, therefore, that Mr. Stovall lost the right to sue Mr. Dunn when he failed to file suit by February 9, 1996.[9] Mr. Stovall responds that the statute of limitations was tolled because he did not learn that the Court of Criminal Appeals had decided his appeal, despite his diligent efforts to obtain a status update from Mr. Dunn, until the appellate court clerk sent him a copy of his case history on November 20, 1998.

---

[7]The record does not reflect that Mr. Dunn filed a written motion to withdraw as counsel for Mr. Stovall. *Matlock v. State*, No. 01C01-9703-CR-00091, 1998 WL 265494, at * 4 (Tenn. Crim. App. May 27, 1998) *perm. app. denied* (Tenn. Dec. 7, 1998) (holding that an attorney may withdraw to avoid filing a frivolous appeal only after complying with Tenn. S. Ct. R. 14). Mr. Dunn apparently did not file such a motion because he states in his brief that he told Mr. Stovall that he was withdrawing during a telephone call shortly after the Court of Criminal Appeals filed its opinion.

[8]Tenn. S. Ct. R. 8, D.R. 2-110(A)(2) and E.C. 2-32 require a withdrawing lawyer to protect his or her client by, among other things, delivering the client's papers to the client. Several courts have applied these and other disciplinary rules in cases involving prisoners. *See*, *e.g.*, *Fields v. Bagley*, 275 F.3d 478, 484 (6th Cir. 2001) (holding that appointed counsel violated E.C. 2-31); *Nolan v. Foreman*, 665 F.2d 738, 742-43 (5th Cir. 1982) (finding a violation of D.R. 9-102(B)(4)); *Summers v. Thompson*, 444 F. Supp. 312, 314-15 (M.D. Tenn. 1977) (retained attorney); *State v. Maddagan*, 19 P.3d 1289, 1293 (Haw. 2001); *Ward v. State*, 740 S.W.2d 794, 797 (Tex. Crim. App. 1987). Thus, Mr. Stovall may have stated a claim for violation of 42 U.S.C. § 1982 if he had a protectible property interest in his legal papers. *Murray v. National Broad. Co.*, 844 F.2d 988, 994-95 (2d Cir. 1988). Moreover, if Mr. Stovall has a property right to his file, Mr. Dunn could not avoid surrendering the file by asserting that Mr. Stovall could not have paid him the costs of copying the file since the lawyer must pay copying costs when he voluntarily withdraws from representing a client. *Greig v. Macy's Northeast*, 1997 U.S. Dist. LEXIS 22841, at * 7 (D.N.J. Nov. 17, 1997); *In re Kaufman*, 567 P.2d 957, 960 (Nev. 1977).

[9]We do not agree that Mr. Stovall's cause of action accrued on February 10, 1995. In January 1995, Tenn. R. App. P. 11(b) required parties to file their application for permission to appeal within thirty (30) days after the filing of the intermediate appellate court's judgment unless a timely petition for rehearing had been filed in the intermediate appellate court. Persons who did not file their Tenn. R. App. P. 11 application or a motion for an extension of time within thirty days after the entry of the intermediate appellate court's judgment lost their right to seek discretionary review by the Tennessee Supreme Court. Accordingly, since neither Mr. Stovall nor Mr. Dunn filed a timely petition for rehearing in the Court of Criminal Appeals, the deadline for filing a Tenn. R. App. P. 11 application would have been February 6, 1995, not February 10, 1995.

Civil actions for violations of the federal civil rights statutes are governed by the same one-year statute of limitations governing legal malpractice actions.[10] The Tennessee Supreme Court has set out the principles governing the application of the "legal malpractice discovery rule" for the purpose of this statute of limitations. The court held that the discovery rule contains two elements – (1) an irremediable injury caused by the defendant and (2) the plaintiff's actual or imputed knowledge that his or her injury was caused by the defendant. *Carvell v. Bottoms*, 900 S.W.2d 23, 28 (Tenn. 1995). More recently, the court has held that

> When the cause of action accrues is determined by the discovery rule. [citation omitted] Under this rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant.

*Gibson v. Trant*, 58 S.W.3d 103, 117 (Tenn. 2001) (quoting *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998)). The same discovery rule applies to civil actions for damages under the federal civil rights statutes. *Warren v. Scott*, 845 S.W.2d 780, 783 (Tenn. Ct. App. 1992).

Mr. Dunn's appellate brief describes at some length a conversation he purportedly had with Mr. Stovall shortly after the Court of Criminal Appeals released its opinion.[11] Unfortunately, the affidavit Mr. Dunn submitted to support his summary judgment motion fails to mention this conversation. The only relevant facts contained in Mr. Dunn's affidavit are (1) that Mr. Dunn moved

---

[10]Tenn. Code Ann. § 28-3-104(a)(2) (malpractice actions against attorneys); Tenn. Code Ann. § 28-3-104 (a)(3) (civil actions for compensatory and punitive damages brought under the federal civil rights statutes).

[11]We quote Mr. Dunn's brief verbatim:

> The appellant [Mr. Stovall] indicated that he first learned of the Appellee's [Mr. Dunn] alleged failure to file [an] application for permission to appeal the ruling of [the] Tennessee Court of Criminal Appeals to the Supreme Court in November, 1998. After further recollection and review, an appeal to the Supreme Court was not filed on Mr. Stovall's behalf; however, very shortly after the decision, approximately two (2) days, Appellant telephoned Appellee and Appellee informed him of the adverse decision of the Court of Criminal Appeals, which would have been sometime early February of 1995. Appellee explained to Appellant that the chances of prevailing to [sic] the Tennessee Supreme Court were very slim. Appellee advised Appellant that he would be withdrawing as counsel, and would not be filing an appeal to the Supreme Court. Appellee advised Appellant that he could file an appeal *pro se*, and that he had thirty days from the date of the decision. Appellant seemed content that best efforts were used, and that his sentences would remain in effect. Sometime later, (approximately one month), Appellee received a telephone call from Mr. Charles Burson [Tennessee's Attorney General and Reporter] from the Attorney General's office. Mr. Burson informed Appellee that the Stovall case was placed on the docket.. [sic] Appellee told Mr. Burson that he did not think that he had petitioned for certiorari. Mr. Burson stated that sometimes the court would place these matters by their own motion. Mr. Burson asked if Appellee wanted to orally argue the motion. Appellee informed him that he would waive the motion. However, after reviewing the court's docket, there is no record of the Supreme Court's deciding the case.

The brief contains no citations to the record for any of these statements, and with good reason. None of these facts are in the appellate record.

his office after the August 18, 1993 post-conviction hearing, (2) that Mr. Stovall's file "remained archived with my former law partner, Gene Hallworth at 21 Public Square, Columbia, TN 38401," and (3) "I did not have any of Mr. Stovall's file."

In contrast, Mr. Stovall's affidavit opposing Mr. Dunn's motion for summary judgment contains the following statements: (1) "Mr. Dunn never informed affiant of the Appeal Court's opinion;" (2) Mr. Dunn "never withdrew from representing affiant in compliance with Supreme Court Rule 14;" (3) "[t]hat affiant made several requests to Mr. Dunn attempting to learn the status of affiant's case on appeal between the periods of April 8, 1994 and November 4, 1998; including phone calls and written communications, but Mr. Dunn ignored all request [sic] for information and never responded;" (4) "[t]hat on or about November 18, 1998, affiant sent a letter to the Criminal Court of Appeals at Nashville and made inquiry regarding the status of affiant's appeal . . .;" (5) [t]hereafter, the Appeals Court informed affiant of the disposition of the Appeal and told affiant that copies of the final opinion could be obtained from the office of my attorney; Mr. Dunn;" and (6) that "[t]he Case History Notice of affiant's appeal from the Appeals Court in November 1998 was the first and only notice affiant received."

Based on the undisputed facts in Mr. Stovall's affidavit, we find that Mr. Stovall has presented facts demonstrating (1) that he suffered an injury, (2) that his injury was caused by Mr. Dunn, (3) that he did not know he had sustained an injury until November 1998, and (4) that he should not necessarily have known that he had sustained an injury prior to November 1998. The injury is the failure to file a timely application for permission to appeal from the January 5, 1995 Court of Criminal Appeals opinion.[12] This injury was attributable to Mr. Dunn because, as far as this record shows, Mr. Dunn was still representing Mr. Stovall at the time. No evidence refutes Mr. Stovall's assertion that he did not learn of the judgment of the Court of Criminal Appeals until November 1998.[13] Finally, there is no factual basis for concluding that Mr. Stovall should have learned earlier that the Court of Criminal Appeals had affirmed the dismissal of his post-conviction petition because there is no evidence that prior to February 6, 1995, Mr. Stovall knew or should have known that Mr. Dunn had withdrawn from representing him or that he had any other means to learn of the action by the Court of Criminal Appeals.

Because Mr. Stovall's affidavit opposing Mr. Dunn's summary judgment motion is undisputed, the trial court erred by concluding that Mr. Dunn had demonstrated that there were no genuine disputes of material fact and that he was entitled to a judgment as a matter of law because Mr. Stovall's complaint was time-barred under Tenn. Code Ann. § 28-3-104(a)(3). Accordingly, the trial court erred by granting Mr. Dunn's motion and dismissing Mr. Stovall's complaint.

---

[12]We express no opinion regarding the merits of Mr. Stovall's claim that he was injured by Mr. Dunn's failure to file a timely Tenn. R. App. P. 11 application. At this stage of the proceeding, we must presume that Mr. Stovall has stated a claim upon which relief might be granted. It is not our role at this point to determine whether the Tennessee Supreme Court would have granted Mr. Stovall's application had it been filed or whether the court would have overturned the denial of his post-conviction petition.

[13]The Court of Criminal Appeals sends a copy of its opinions to the attorneys of record, not to the prisoners. Thus, when the January 5, 1995 opinion was released, it would have been sent to Mr. Dunn, not to Mr. Stovall.

## V.

The judgment granting the summary judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.  The costs of this appeal are taxed to Christopher L. Dunn for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE